FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Dec 1, 2017
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**AUTO OWNERS INSURANCE COMPANY**                                    **PLAINTIFF**

VS.                            NO. 17-5249-TLB

**TERRY YOUNG; MILLENIUM RISK MANAGERS LLC;
MEDICAL BILLING SOLUTIONS, LLC, TERRI CONNELL,
CHRISTOPHER ARNOLD, MD PA; AND
D1 SPORTS MEDICINE LLC**                                             **DEFENDANTS**

### PETITION FOR DECLARATORY JUDGMENT

Comes the Plaintiff, Auto Owners Insurance Company, and for its Petition for Declaratory Judgment states:

#### Jurisdiction and Venue

1. That Auto Owners Insurance Company ("Auto Owners") is a foreign corporation incorporated under the laws of the State of Michigan with its principal place of business in Lansing, Michigan.

2. Christopher A. Arnold MD PA is registered to do business in Arkansas and is, in fact, doing business in Arkansas.

3. D1 Sports Medicine LLC is a Tennessee limited liability company with its principal place of business in Franklin, Tennessee. It is registered to do business in Arkansas has had conducted business in Washington County, Arkansas.

4. Millennium Risk Managers is an Alabama limited liability company that has its principal place of business in Birmingham, Alabama.

5. Terry Young is the owner of Millennium Risk Managers, and resides in, and is domiciled in, the State of Alabama.

6. Medical Billing Solutions LLC is an Alabama limited liability company with its

principal place of business in Alabama.

7. Terri Connell is an employee of Millenium Risk Managers who resides in and is domiciled in, the State of Alabama.

8. That the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

9. That there exists complete diversity of citizenship between the parties.

10. That venue is proper in this Court.

Factual Summary

11. Auto Owners insured Millennium Risk Managers and its owner, Terry Young, with a Business Liability Protection Policy #48-168199-02. The Policy was originally issued April 4, 2015. It renewed on April 4, 2016. The policy is attached hereto as Exhibit 1.

12 A lawsuit is currently pending in the Western District of Arkansas, Fayetteville Division, styled *Christopher A. Arnold Md P.A. vs. D1 Sports Medicine LLC*, docket number 5:16 cv-05178-PKH. D1 Sports Medicine has filed a counter-claim against Dr. Arnold, and Dr. Arnold has filed a third-party complaint against, *inter alia*, Millennium Risk Managers, LLC. Dr. Arnold's First Amended and Third Party Complaint at Law, and Petition for Declaratory Judgment, is attached here to as Exhibit 2.

13. Dr. Arnold is contending that, during the summer of 2015, he entered into a contract with D1 Sports Medicine to provide certain services for his patients, including certain billing services. Dr. Arnold contends that these services were inadequate.

14. Dr. Arnold contends that, at some point in the latter part of 2015, D1 Sports Medicine convinced him to use "Medical Billing Solutions" to provide billing services in relation to Dr. Arnold's practice. Dr. Arnold contends that Medical Billing Solutions, D1 Sports

Medicine and Millenium Risk Management have a unity or commonality of ownership.

15. The Complaint asserts causes of action for breach of contract, fraud, promissory estoppel, violations of the Arkansas Deceptive Trade Practices Act, tortious interference with contract, conspiracy, indemnity.

16. Compensatory damages sought by Arnold consist of compensation for lost profits and lost business opportunities.

17. That Millenium Risk Managers, Medical Billing Solutions and Terri Connell have all demanded defense and indemnification from Auto Owners in regards to Dr. Arnold's allegations.

18. That Auto Owners is providing a defense under a reservation of rights to Millenium Risk Managers, Medical Billing Solutions, and Terri Connell.

## COUNT I
## THE AUTO OWNERS POLICY ONLY COVERS "PROPERTY DAMAGE"

19. That Auto Owners restates and realleges paragraphs 1 to 18.

20. That the policy provides liability coverage for "property damage" for which an insured person or entity is legally liable.

21. That the phrase "Property damage" is defined as follows in the policy:

*a. Physical damage to tangible property, including all resulting loss of use of that property; or*

*b. Loss of use of tangible property that is not physically injured.* (See page 14 of the Business Liability form).

22. That the allegations of Dr. Arnold's Complaint and Third Party Complaint do not assert that any "property damage" has occurred within the policy definition.

23. That the compensation sought by Dr. Arnold in his lawsuit, including without

limitation recovery for lost profits and lost business opportunities, does not constitute "property damage" within the meaning of the Auto Owners policy. Therefore, no coverage exists under the policy.

## COUNT II
### THE AUTO OWNERS POLICY ONLY COVERS PROPERTY DAMAGE CAUSED BY AN 'OCCURRENCE' BUT NO 'OCCURRENCE' HAS TRANSPIRED.

24. That Auto Owners restates and realleges paragraphs 1 to 23.

25. Auto Owners only insures property damage caused by an "occurrence". The policy defines "occurrence" to mean:

> 9. *Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

26. The substance of the lawsuit brought by Dr. Arnold is for breach of contract. No "occurrence" is alleged to have transpired in the lawsuit brought by Dr. Arnold.

27. Auto Owners has no coverage for the events and circumstances described in Dr. Arnold's lawsuit, since no "occurrence" transpired.

## COUNT III
### THE AUTO OWNERS POLICY COVERS "OFFENSES" BUT NO "OFFENSE" HAS TRANSPIRED

28. That Auto Owners restates and realleges paragraphs 1 to 27.

29. The Auto Owners policy also covers "offenses" that cause either an "advertising injury" or a "personal injury".

30. "Personal injury" and "advertising injury" are defined as follows in the policy:

> *"Advertising injury" means injury arising out of one or more of the following offenses:*

    a.    *Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.*

    b.    *Oral or written publication of material that violates a person's right of privacy;*

    c.    *Misappropriation of advertising ideas or style of doing business; or*

    d.    *Infringement of copyright, title, or slogan.*

See page 11 of BP-00-06-01-87.

*"Personal injury" means injury, other than "bodily injury" arising out of one or more of the following offenses:*

    a.    *False arrest, detention or imprisonment;*

    b.    *Malicious prosecution;*

    c.    *Wrongful entry into, or eviction of a person from, a room, dwelling, or premises that the person occupies;*

    d.    *Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or*

    e.    *Oral or written publication of material that violates a person's right of privacy.*

See page 13 of BP 00-06-01-87.

31. The allegations of Dr. Arnold's Complaint do not assert that any offense involving either a "personal injury" or an 'advertising injury" occurred.

32. Auto Owners has no applicable coverage for any "offense" causing personal injury or advertising injury.

COUNT IV
THE AUTO OWNERS POLICY HAS APPLICABLE EXCLUSIONS

33. That Auto Owners restates and realleges paragraphs 1 to 32.

34. Any coverage that might, hypothetically, apply under the Auto Owners policy is

barred by exclusions.

35. If any coverage for "property damage" applies, it is barred by the following exclusion which excludes coverage for any professional services provided by Millennium Risk Managers:

> j. "Bodily Injury" or "property damage" due to rendering or failure to render any professional service. This includes but is not limited to:
>
> (1) Legal, accounting, or advertising services;
>
> (2) Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
>
> (3) Supervisory, inspection or engineering services;
>
> (4) Medical, surgical, dental, x-ray or nursing services or treatment;
>
> (5) Any health service or treatment;
>
> (6) Any cosmetic or tonsorial service or treatment;
>
> (7) Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses or similar products or hearing aid devices;
>
> (8) Ear piercing services; and
>
> (9) Services in the practice of pharmacy, but this exclusion does not apply to an insured whose operations include those of a retail druggist or drugstore.

See page 4 and 5 of Form BP 00-06-01-87.

36. Moreover, if an "advertising injury" occurred, the following exclusion bars coverage for any "advertising injury":

> q. "Advertising injury" arising out of

> (1) Breach of contract, other than misappropriation of advertising ideas under an implied contract;
>
> (2) The failure of goods, products or services to conform with advertised quality or performance;
>
> (3) The wrong description of the price of goods, products or services; or
>
> (4) An offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

See page 6 of Form BP 00-06-01-87.

37. The allegations of Dr. Arnold's Complaint contend that there was a breach of contract involving professional services provided by Millennium Risk Managers. Therefore, pursuant to these exclusions, no coverage applies.

## COUNT V
## THE AUTO OWNERS POLICY ONLY COVERS MILLENNIUM RISK MANAGERS

38. That Auto Owners restates and realleges paragraphs 1 to 37.

39 Policy Form BP 00-06-01-87 extends Business Liability Coverage only to Millennium Risk Managers and certain officers and employees acting within the scope of their duties to Millennium Risk Managers. The form specifies, beginning at page 8, who is covered under this policy for liability. The relevant provision, found at page 8 and 9 of the form, reads as follows:

> 1. If you are designated in the Declarations as:
>
>    c. An organization other than a partnership or a joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

Further, the following persons are also "insureds"

    2.    *Each of the following is also an insured:*

        a.    *Your employees, other than your executive officers, but only for acts within the scope of their employment by you. However, none of these employees is insured for:*

            *(1) "Bodily injury" or "property damage" to you or to a co-employee while in the course of his or her employment.*

            *(2) "Bodily injury" or "personal injury" arising out of his or her providing or failing to provide professional health care services; or*

            *(3) "Property damage" to property owned or occupied or rented or loaned to that employee, any of your other employees, or any of your partners or members (if you are a partnership or joint venture).*

        b.    *Any person (other than your employee) or any organization while acting as your real estate manager*

        c.    *Any person or organization having proper temporary custody of your property if you die, but only:*

            *(1) with respect to liability arising out of the maintenance or use of that property; and*

            *(2) Until your legal representative has been appointed.*

        d.    *Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this policy.*

Moreover, the definition of "insured" concludes with the following:

*No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named insured in the Declarations.*

40.    The declarations page for the policy identifies only Millennium Risk Managers and Terry Young as insureds. Terri Connell and Medical Billing Solutions, LLC are not identified as insureds.

41.    Terri Connell and Terry Young are only insured to the extent that they are acting

within the scope of employment or while performing duties for Millennium Risk Managers.

42.   Medical Billing Solutions is not insured.

43.   Therefore, Auto Owners only insures Terry Young and Millennium Risk Managers under this policy.

## JURY DEMAND

44.   That Auto Owners respectfully demands a trial by jury on all issues of fact.

WHEREFORE, Auto Owners Insurance Company prays that the Court will declare that no coverage exists under the applicable Auto Owners Insurance Company policy for the allegations of Dr. Arnold in the underlying breach of contract litigation; that there is no duty on the part of Auto Owners to defend Millennium Risk Management, Terri Connell, Terry Young or Medical Billing Solutions (or any other person or entity) in regard to *Christopher A. Arnold Md P.A. vs. D1 Sports Medicine LLC*, docket number 5:16 cv-05178-PKH; for its costs, and for all other proper relief to which it may be entitled

Respectfully submitted,

Laser Law Firm, P.A.
101 S. Spring Street, Suite 300
Little Rock, AR 72201-2488
(501) 376-2981

By: _____
Brian A. Brown (#88074)
bbrown@laserlaw.com